## HENRY P. KELLOGG vs. HOLLAND BARTON.

In an action against the indorser of a promissory note, the defence that it was an accommodation note, made and indorsed for the benefit of the person who held it at its maturity, is open under an answer which alleges that, simultaneously with its execution, that person, "who was to receive and hold said note, and for whose accommodation and benefit it was indorsed," signed a receipt for it which contained an agreement to pay it upon certain specified terms.

Such receipt is competent evidence for the purpose of showing that the note was given and indorsed as an accommodation note.

In an action against the indorser of a promissory note, the defendant, for the purpose of proving that it was an accommodation note, executed for the benefit of the person who held it at its maturity, proved the following receipt given by that person to the maker at the time the note was given: "Received of A. a note of two hundred dollars, thirty days from date, which I agree to pay if said A. has not received his state bounty." A. then expected to receive bounty under his enlistment as a soldier; but on examination he was then rejected, though he was accepted more than a year afterwards. *Held*, that a verdict for the defendant should not be set aside on account of the admission of evidence that before the maturity of the note A. received a certain sum from the town towards whose quota he then enlisted, and afterwards, upon his second enlistment, another sum from another town towards whose quota he then enlisted, and also that his state bounty was then paid to his mother.

CONTRACT against the indorser of the following promissory note: "Amherst, January 11, 1864. Thirty days after date, I promise to pay to the order of Holland Barton two hundred dollars for value received, at the Northampton Bank. (Signed) Charles H. Barton. (Indorsed) Holland Barton, Henry A. Marsh."

The answer, amongst other things, averred that the defendant was not liable "because he says that simultaneously with the execution of said note by said maker, and of said indorsement by the defendant, one Henry A. Marsh, the person who was to receive and hold said note, and for whose accommodation and benefit it was indorsed, in consideration of the making and indorsing of said note signed and delivered to the defendant" and the maker the following instrument: "Received of Charles H. Barton a note of two hundred dollars, thirty days from date, which I agree to pay if said Charles H. has not received his state bounty. Amherst, Jan. 9, 1864;" that by the true interpretation of this instrument Marsh was to pay the note if, at the

time when it should become due, said Charles H. should not have received the state bounty to which he was supposed to be entitled as a volunteer soldier enlisted from the State of Massachusetts ; that said Charles H. had not received said bounty when the note became due, and Marsh thereupon paid the note at the Northampton Bank, and held the same for some months, when he sold the same to Porter Kellogg, who sold it to the plaintiff.

At the trial in the superior court, before *Brigham*, J., there was evidence tending to prove the facts set up in the answer, and that at the time when the note was given Charles H. Barton had enlisted on the quota of the town of Amherst, through the agency of Marsh, to whom Barton gave an order for his state bounty ; but upon going to camp and being examined Barton was rejected, and his state bounty upon this enlistment was never collected, but the town of Amherst paid to him $125, before the maturity of the note ; that in the spring of 1865 he enlisted again and was accepted and mustered into service on the quota of Hadley, and received from that town $200, and his state bounty was paid to his mother through the defendant. All of the evidence as to the receipt and the payment of the state bounty and of the sums from Amherst and Hadley was admitted under the plaintiff's objection.

The jury found specially that the note was an accommodation note, made and indorsed for the benefit of Marsh, and that the receipt was given simultaneously with it; that the defendant did not waive the agreement contained in the receipt ; and that the bounty referred to was that to be received upon his enlisting for Amherst. The judge thereupon directed a verdict for the defendant, which was accordingly rendered, and the plaintiff alleged exceptions.

*I. F. Conkey*, for the plaintiff. The defence that the note was an accommodation note was not open under the answer. Gen. Sts. *c.* 129, § 20. The receipt was not competent evidence to control the note. *Pitkin* v. *Frink*, 8 Met. 12. The evidence objected to was irrelevant and incompetent.

*C. Delano*, for the defendant.

BY THE COURT. The note declared upon was held at its maturity by Henry A. Marsh, and subsequently indorsed to the plaintiff, who took it subject to every defence which could be made as against Marsh. It is alleged in the answer to have been an accommodation note for the benefit of Marsh, and so the jury have expressly found by their verdict.

The receipt was admissible to show that the note was both given and indorsed for the accommodation of Marsh. All the other evidence objected to was either competent, or immaterial and incapable of injuring the defendant on the issues involved in the trial. *Exceptions overruled.*